Dear Senator Marionneaux:
We are in receipt of your opinion request wherein you asked whether the use of alternating vehicles, such as the Kawasaki Mule, Polaris Ranger, or Yamaha Rhino, qualify as farm equipment so as to allow highway use in and around a farm. You point out that many farmers are now beginning to use these vehicles in their day-to-day operation.
Although your opinion request asks about "alternating" vehicles, we assume you mean "off-road vehicles" as defined by LSA-R.S.47:301(17) which sets forth as follow:
 (17) "Off-road vehicle" is any vehicle manufactured for off road use which is issued a manufacturer's statement of origin that cannot be issued a registration certificate and license to operate on the public roads of this state because at the time of manufacture the vehicle does not meet the safety requirements prescribed by R.S. 32:1301 through 32:1310. This includes vehicles that are issued a title only by the Vehicle Registration Bureau, Department of Public Safety and Corrections, such as all terrain vehicles and recreational and sport vehicles, but it does not include off road vehicles used for farm purposes, farm equipment, or heavy construction equipment. (Emphasis Added).
The Kawasaki Utility Vehicle, commonly known as "Mule," the Polaris Ranger and the Yamaha Rhino, specifically named above are off- road vehicles manufactured and intended for industrial, agriculture and utility applications. (See, Louisiana OMV Policy Procedure Public Manual, Section IV, No. 82.00). These vehicles are not for recreational use or for use on public lands. LSA —R.S. 301(17). If the intended use of an "off-road vehicle" is for farming purposes, the Louisiana Office of Motor Vehicles requires a "farm use statement" declaring a person to be a bona-fide farmer in the business of farming, and that the vehicle described is used primarily, but not exclusively, for hauling produce raised on one's farm, and the location of such farm. Like farm equipment and farm implements, off-road vehicles are prohibited from use on public lands. However, when such vehicles are used solely for farm-related activities, limited access to public lands are authorized.
Pursuant to Louisiana Revised Statutes 32:299:
 A(1) Off-road vehicles, including but not limited to three-wheelers, four-wheelers, or other all-terrain vehicles which are not specifically designated for road use may travel on the shoulders of all public roads and highways except interstate highways in the manner provided for in this Section solely for the purposes of farm-related activities within a five-mile radius of a farmer's farm, provided that the operator possesses a valid Class "E" driver's license. The owner or operator of the off-road vehicle shall carry a copy of the motor vehicle registration, upon his person or on the off-road vehicle, to prove he owns at least one motor vehicle which is registered as a vehicle engaged in the business of actual farming under the provisions of LSA-R.S. 47:462. As an alternative to the ownership of the motor vehicle, the operator of the off-road vehicle may carry a sworn affidavit attesting that he is engaged in the business of actual farming under the provisions of LSA-R.S. 47:462 .
 (2) Off-road vehicles may travel on the shoulders of all public roads or highways, except interstate highways, during each day starting thirty minutes after sunrise and ending thirty minutes before sunset. Incidental crossing of public roads or highways shall be authorized.
* * *
It stands to reason that when a properly executed application is filed designating an off- road vehicle for farm use with the Louisiana Office of Motor Vehicles, such vehicle is considered farm equipment, subject to the same exemptions, exclusions, restrictions and limitations set forth by law.
We hope this opinion has sufficiently addressed your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
By: ___________________________
 Charlene Patterson Assistant Attorney General